

NUMBER 13-09-537-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE MATTER OF O.D.L., A JUVENILE

On appeal from the Juvenile Court
of Victoria County, Texas.

## MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Vela**
**Memorandum Opinion by Justice Vela**

Appellant O.D.L., a juvenile, was convicted of aggravated sexual assault on June 4, 2007. He was committed to the Texas Youth Commission under a determinate sentence for a period of seven years. After O.D.L. reached the age of eighteen, the State sought to transfer him to the Institutional Division of the Texas Department of

Criminal Justice for the completion of his determinate sentence. The trial court held a hearing, taking into consideration the evidence that was before it at the time, which included a psychological evaluation and the recommendation of the individuals who had worked with O.D.L. while he was at the Texas Youth Commission. The trial court transferred O.D.L. to the custody of the Texas Department of Criminal Justice-Institutional Division for completion of his seven-year sentence. We affirm.

## I. *ANDERS* BRIEF

O.D.L. was originally represented by Lawrence Elliott who filed an *Anders* brief and a motion to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 744 (1967). Elliott died during the pendency of the appeal. The case was abated, and Luis Martinez was then appointed as new counsel for O.D.L. Martinez has also informed this Court that he believes the appeal is frivolous and has likewise filed a motion to withdraw as counsel.

*In re D.A.S.,* 973 S.W.2d 296, 298 (Tex. 1998) (orig. proceeding), applied the procedures enumerated in *Anders* to juvenile matters, noting that "[a]lthough juvenile cases are classified as civil proceedings, they are quasi-criminal in nature." Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), O.D.L.'s first court-appointed appellate counsel has filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated. Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an Anders brief

need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.–Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). O.D.L.'s second appointed counsel concurs with the original brief filed that there are no arguable bases for appeal.

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), O.D.L.'s first-appointed counsel carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. Each counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal, (2) served a copy of the brief and counsel's motion to withdraw on O.D.L., and (3) informed O.D.L. of his right to review the record and to file a pro se response.[1] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and O.D.L. has not filed a pro se response. *See In re Schulman*, 252 S.W.3d at 409.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S.

---

[1]The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

3

75, 80 (1988). We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, O.D.L.'s attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous") (citations omitted)). We grant appellant's second-appointed counsel's motion to withdraw.[2] Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to O.D.L. and to advise him of his right to file a petition for review in the Texas Supreme Court.[3]

---

[2] We dismiss Lawrence Elliott's motion to withdraw as moot.

[3] No substitute counsel will be appointed. Should O.D.L. wish to seek further review of this case, he must either retain an attorney to file a petition for review or file a pro se petition for review. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to

*See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).


ROSE VELA
Justice

Delivered and filed the
21st day of December, 2010.

---

appellant and to advise appellant of his right to file a petition for further review.   *See* TEX. FAM. CODE ANN. § 56.01(a) (Vernon Supp. 2010); *see also* TEX. R. APP. P. 48.4 (requiring, in criminal cases, the attorney representing a defendant on appeal to send the client a copy of the court of appeals' opinion and judgment within five days); *see also In re Schulman,* 252 S.W.3d at 412 n. 35; *Ex parte Owens,* 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).